# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-815 CAS |
| | ) | |
| DAVE DORMIRE and CHRIS KOSTER, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Richard Harris's successive habeas action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Frederick R. Buckles for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

In its Judgment granting petitioner leave to file a successive habeas petition, the Eighth Circuit directed that the petition be "limited to a single issue: whether a Brady violation occurred with respect to witness Natasha Myer's pretrial statements to police and a note written by her which was allegedly give[n] to the police on April 21, 1994." Harris v. Dormire, No. 06-3770 (8th Cir. Mar. 29, 2007). This issue concerns Natasha's alleged pretrial statement and note given to police that petitioner was innocent and that she saw someone else shoot the victim.

On May 18, 2010, Judge Buckles filed a Report and Recommendation of United States Magistrate Judge which recommended that Harris's successive petition for writ of habeas corpus be denied because (1) petitioner's claim did not rely on a new rule of constitutional law, and (2) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, were not sufficient to establish by clear and convincing evidence that, but for constitutional error, no

reasonable factfinder would have found Harris guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2). The Magistrate Judge concluded that when the net effect of the alleged suppressed evidence was weighed in conjunction with an examination of the evidence presented at trial, it could not be said that the suppressed evidence was material to petitioner's guilt such that a <u>Brady</u> violation occurred, and therefore petitioner could not meet the statutory standard of § 2244(b)(2). See Report and Recommendation at 11.

Petitioner filed timely objections to the Report and Recommendation. Petitioner asserts that the Magistrate Judge relied on the fabricated evidence presented at trial in reviewing the underlying record, and failed to consider that "had defense counsel been in possession of the note Natasha could have been impeached on the fact she did not want to lie" because her incriminating testimony at trial withheld information and lied about what she told the police. Pet.'s Objs. at 2. Petitioner's objections also attack the motivation and credibility of other witnesses who testified again him at trial, including Tanya Sanders and Theresa Clark, the victim's girlfriend and mother, respectively.

The Court has carefully reviewed petitioner's objections and the entire record of this matter, including reading the transcript of the underlying criminal trial. Following <u>de novo</u> review, the Court concurs in the recommendation of the Magistrate Judge as contained in the well-reasoned and thorough Report and Recommendation. To obtain relief on a successive § 2254 petition in the context of this case, where no new rule of constitutional law is at issue, Harris must show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(b)(2)(B)(ii). The Court agrees fully with the Magistrate Judge's conclusions that the alleged

2

suppressed evidence was not material because it did not undermine the jury's verdict, and that Harris received a fair trial in absence of the evidence. The Court notes, as did the Magistrate Judge, that the jury heard evidence Natasha Myers made a pretrial statement that petitioner did not shoot the victim and that the shooting was the result of petitioner's struggle with a third person, but also heard evidence that the story contained in Natasha's pretrial statement was fabricated on instructions from petitioner and Brenda Myers, Natasha's mother. The Court agrees with the Magistrate Judge's conclusion that there was overwhelming evidence of petitioner's guilt, and petitioner cannot show by clear and convincing evidence that but for the alleged unconstitutional suppression of Natasha Myers's pretrial statement and note, no reasonable factfinder would have found him guilty of the underlying offense. As a result, the instant successive petition must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 14]

**IT IS FURTHER ORDERED** that Richard Harris's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add Chris Koster as a respondent in this matter, pursuant to Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this Memorandum and Order.

                                                    _____
                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of June, 2010.